IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | : | |
| THE STATE OF CONNECTICUT, | : | |
| | : | 3: CV   (   ) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HOME CARE VNA, LLC, | : | December 2, 2024 |
| SHAKIRA LUBEGA and CONSTANT | : | |
| OGUTT, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff United States of America and the State of Connecticut bring this action against defendants Home Care VNA, LLC, Shakira Lubega and Constant Ogutt (collectively, "defendants") to recover monies that defendants wrongfully obtained from the Medicaid program through false and fraudulent claims for payment. For their causes of action, the United States and the State of Connecticut allege as follows:

## NATURE OF ACTION

1. The United States brings this action to recover statutory damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA").   The State of Connecticut brings this action to recover statutory damages and civil penalties under the Connecticut False Claims Act, as amended, Conn. Gen. Stat. §§ 4-274 through 4-289. The United States and the State of Connecticut also bring this action to recover all available damages and other monetary relief under the common law or equitable theories of unjust enrichment and payment by mistake of fact.

2. This action arises out of defendants' improper submission of claims to the Medicaid program for home health care services.

## JURISDICTION

3. This Court has subject matter jurisdiction to entertain this False Claims Act action under 28 U.S.C. §§ 1331 and 1345.   The Court possesses supplemental jurisdiction to entertain the Connecticut state law, common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a) and 31 U.S.C. § 3732(b).

4. This Court has personal jurisdiction over defendants pursuant to 31 U.S.C. § 3732(a), because defendants reside in, and/or transact and have transacted business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## VENUE

5. Venue is proper in the District of Connecticut under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) because defendants reside and/or transact business in this District, and because defendants committed acts within this District that violated 31 U.S.C. § 3729.

## PARTIES

6. The United States brings this action on behalf of the Department of Health and Human Services ("HHS") and the Centers for Medicare & Medicaid Services ("CMS").

7. William Tong, Attorney General of the State of Connecticut, brings this action in the name of the State of Connecticut by virtue of his authority pursuant to Conn. Gen. Stat. § 4-276.

8. Defendant Home Care VNA is a home health agency doing business in Connecticut, with offices located at 330 Main St., Hartford, CT.

9. During all relevant times, defendant Home Care VNA was owned and operated by

defendants Shakira Lubega and Constant Ogutt, who are married. Defendant Shakira

Lubega is the current owner of Home Care VNA and defendant Constant Ogutt is the

former, part owner.

## THE FEDERAL FALSE CLAIMS ACT

10. The FCA, 31 USC §§ 3729-3733, as amended by the Fraud Enforcement and Recovery

Act of 2009, P.L. 111-21, § 4(f), 123 Stat. 1621, provides, in pertinent part:

(a)     Liability for certain acts.

In general. Subject to paragraph (2), any person who -- (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim…. or (G)…knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government…is liable to the United States Government….

(b)     Definitions.   For purposes of this section—

(1)     the terms "knowing" and "knowingly" (A) mean that a person, with respect to information (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud;

(2)     the term "claim" (A) means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

(3)     the term "obligation" means an established duty, whether or not fixed, arising from . . . statute or regulation, or from the retention of any overpayment.

31 U.S.C. § 3729.

## THE CONNECTICUT FALSE CLAIMS ACT

11. The Connecticut False Claims Act provides, in pertinent part that:

(a)     No person shall:

(1)     Knowingly present, or cause to be presented, a false or

fraudulent claim for payment or approval;

(2)     Knowingly makes, use or cause to be made or used, a false

record or statement material to a false or fraudulent claim;

…

(b)     Any person who violates the provisions of

subsection (a) of this section shall be liable to the state. . . .

Conn. Gen. Stat. § 4-275.

*   *   *

As used in … section 4-275: "knowing" and "knowingly" means that a

person, with respect to information: (A) has actual knowledge of the

information; (B) acts in deliberate ignorance of the truth or falsity of the

information; or (C) acts in reckless disregard of the truth or falsity of the

information, without regard to whether the person intends to defraud; . . .

Conn. Gen. Stat. § 4-274(1).

**THE MEDICAID PROGRAM**

12. Medicaid is a joint federal-state program that provides health care benefits for certain

    persons, including the indigent and disabled.   The federal Medicaid statutes set forth

    the minimum requirements for state Medicaid programs to qualify for federal funding.

    42 U.S.C. § 1396a.   The federal share of each state's Medicaid payments is based on

    the state's per capita income compared to the national average.   42 U.S.C. § 1396d (b).

    State Medicaid programs pay the balance, which is referred to as the "state share."   At

    all times relevant to this Complaint, the "state share" for the State of Connecticut's

    Medicaid program was approximately fifty percent (50%).

13. DSS administers the Connecticut Medical Assistance Program ("CMAP"), which

    includes the Connecticut Medicaid program.   The DSS Commissioner is authorized to

    promulgate regulations as necessary to administer the CMAP.   Regs., Conn. State

    Agencies § 17b-262-523 (13).   The DSS reimburses participating providers for

    healthcare services provided to CMAP beneficiaries.

14. All healthcare providers enrolled in the CMAP must comply with applicable statutes,

    regulations and guidelines in order to be reimbursed by the CMAP.   A provider has a

    legal duty to have knowledge of the statutes, regulations and guidelines regarding

    coverage for CMAP services. A provider of goods and services to CMAP recipients is

    obligated to adhere to CMAP requirements in order to both participate in, and receive

    payment from, the CMAP through the DSS.   Regs., Conn. State Agencies § 17b-262-

    522.

15. Every person, organization, and entity that wishes to voluntarily participate as a provider in the CMAP is required to enter into a CMAP Provider Enrollment Agreement ("Provider Agreement").

16. A CMAP provider agrees in the Provider Agreement "[t]o continually adhere to professional standards governing medical care and services and to continually meet state and federal licensure, accreditation, certification or other regulatory requirements, including all applicable provisions of the Connecticut General Statutes and any rule, regulation, or DSS policy promulgated pursuant thereto and certification in the Medicare program, if applicable." Provider Agreement, ¶ 3.

17. A CMAP provider further agrees to "abide by DSS' Medical Assistance Program Provider Manual(s), as amended from time to time, as well as all bulletins, policy transmittals, notices, and amendments . . . ."  Provider Agreement, ¶ 10.

18. A CMAP provider also agrees in the Provider Agreement to "submit only those claims for goods and services that are covered by the Connecticut Medical Assistance Program and documented by Provider as being . . . for compensation that Provider is legally entitled to receive . . . ."  Provider Agreement, ¶ 15.

19. By executing the Provider Agreement, the CMAP provider, or the provider's authorized representative, acknowledges to "**HAVING READ THIS AGREEMENT AND UNDERSTANDING IT IN ITS ENTIRETY** . . . ." (Emphasis in original). Provider Agreement, page 7.

20. Defendants have executed Provider Agreements while participating as providers in the CMAP.

**ALLEGATIONS**

21. As set forth below, when submitting claims or causing claims to be submitted to CMAP for home health care services, defendants acted with actual knowledge, deliberate ignorance, or reckless disregard of the laws, regulations and guidance applicable to Federal healthcare programs.

22. The Regulations of Connecticut State Agencies expressly require, as a condition of payment for home health care services, that: (1) each patient has a plan of care; (2) the plan of care is signed by a licensed practitioner; (3) the plan of care is signed within 21 days after the episode of care begins; and (4) a new or modified plan of care is reviewed, revised and signed every 60 days.   *See* Regs., Conn. State Agencies §§ 17b-262-724, 725, 727, 731, 734, and 735.   *See also* Regs., Conn. State Agencies § 19-13-D73.

23. Defendants Shakira Lubega and Constant Ogutt previously entered into civil settlements with the State of Massachusetts regarding Home Care VNA and another home health company that they owned, Altranais Home Care LLC ("Altranais"). The settlement regarding Altranais was agreed to on September 30, 2020, for $3,110,000 and the Home Care VNA settlement was agreed to on December 28, 2021, for $630,000.

24. Those settlements involved allegations that the companies and defendants knowingly or recklessly disregarded billing requirements by submitting false claims for home health services that were not authorized by a physician, as they did not comply with plan of care requirements.

25. The United States and the State of Connecticut investigated defendants' clams submitted to CMAP for home health care services. In the course of that investigation, the United States and the State of Connecticut received and reviewed extensive medical records and related documents.

26. The United States and the State of Connecticut contend that, from August 1, 2018, through March 26, 2020, defendants submitted or caused to be submitted claims for reimbursement for home health care services to CMAP for patients who had unsigned plans of care or had no plans of care at all.

27. Because defendants improperly billed the CMAP for home health care, defendants received reimbursement for which they were not entitled and the United States and the State of Connecticut have suffered damages.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act: Presentment of False Claims)
31 U.S.C. § 3729(a)(1)(A)

28. The United States re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Defendants knowingly presented false or fraudulent claims for payment, or knowingly caused false or fraudulent claims for payment to be presented, to CMAP.

30. By virtue of this conduct, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**SECOND CAUSE OF ACTION**
(False Claims Act: Making or Using False Record or Statement)
31 U.S.C. § 3729(a)(1)(B)

31. The United States re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

32. Defendants knowingly made, used, or caused to be made or used, false records or false statements material to getting false or fraudulent claims paid or approved by CMAP.

33. By virtue of this conduct, the United States suffered damages and therefore is entitled to statutory damages under the False Claims Act, to be determined at trial, plus a civil penalty for each violation.

**THIRD CAUSE OF ACTION**
(Unjust Enrichment)

34. This is a common law claim for unjust enrichment.   This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 as though fully set forth herein.

36. By submitting improper claims for home health care services, the defendants received or retained certain Government funds to which they were not entitled.

37. As a result of the acts set forth in this count, the defendants were unjustly enriched at the expense of the United States and the State of Connecticut, under circumstances dictating that, in equity and good conscience, the money should be returned to the United States and the State of Connecticut.

## FOURTH CAUSE OF ACTION
(Payment By Mistake)

38. This is a common law claim for payment by mistake.   This Court has jurisdiction

     pursuant to 28 U.S.C. § 1345.

39. Plaintiffs reallege and incorporate by reference paragraphs 1 through 27 as though fully

     set forth herein.

40. By submitting improper claims for home health care, the defendants caused CMAP to

     pay the defendants certain Government funds to which they were not entitled.

41. At the time the CMAP made such payments, CMAP was unaware of the defendants'

     conduct described in the Count. CMAP's erroneous belief was material to making the

     payments at issue. Had CMAP known of the conduct at issue, it would not have made

     the payments it did.

42. As a result of the acts set forth in this count, the United States and the State of

     Connecticut have been damaged in an amount to be determined at trial, and are entitled

     to recover these monies which were paid to the defendants by mistake.

## FIFTH CAUSE OF ACTION

(Connecticut False Claims Act: Presentation of False Claims)
(Conn. Gen. Stat. § 4-275 (a)(1))

43. The State of Connecticut realleges and reincorporates paragraphs 1 through 27 as if

     fully set forth herein.

44. Defendants knowingly presented or caused to be presented false or fraudulent claims

     for payment or approval.

45. By virtue of the false or fraudulent claims made by the defendants, the State of

     Connecticut suffered damages and therefore is entitled to statutory damages under the

Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## SIXTH CAUSE OF ACTION
(Connecticut False Claims Act: Making or Using False Record or Statement)
(Conn. Gen. Stat. § 4-275 (a)(2))

46. The State of Connecticut realleges and reincorporates paragraphs 1 through 27 as if fully set forth herein.

47. Defendants knowingly made, used, or caused to be made or used, false records or false statements material to a false or fraudulent claim.

48. By virtue of the false records or false statements made by the defendants, the State of Connecticut suffered damages and therefore is entitled to statutory damages under the Connecticut False Claims Act, to be determined at trial, plus a civil penalty for each violation.

## PRAYER FOR RELIEF

WHEREFORE, the United States and the State of Connecticut demand and pray that judgment be entered in its favor against defendants as follows:

a. On the First and Second Causes of Action under the federal False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

b. On the Fifth and Sixth Causes of Action under the Connecticut False Claims Act, as amended, for the amount of statutory damages, and such civil penalties as are required by law, together with all such further relief as may be just and proper.

c.  On the Third, and Fourth Causes of Action, for unjust enrichment and

payment by mistake, for the damages sustained and/or amounts by

which the defendants were unjustly enriched or by which defendants

retained illegally obtained monies, plus interest, costs, and expenses,

and all such further relief as may be just and proper.


Respectfully submitted,

VANESSA ROBERTS AVERY
United States Attorney

*/s/ Michelle L. McConaghy*
MICHELLE L. McCONAGHY
Assistant U.S. Attorney
Chief, Civil Division
Federal Bar No. ct27157
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
Michelle.McConaghy@usdoj.gov

*/s/ Richard M. Molot*
RICHARD M. MOLOT
Assistant United States Attorney
Federal Bar No. ct21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
Richard.Molot2@usdoj.gov

Attorneys for the United States


WILLIAM TONG
CONNECTICUT ATTORNEY GENERAL

*/s/ Joshua L. Jackson*

12

JOSHUA L. JACKSON
Assistant Attorney General
State of Connecticut
Federal Bar No. ct28008
165 Capitol Ave.
Hartford, Connecticut 06106
(860) 808-5040
joshua.jackson@ct.gov

13

CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

In addition, I hereby certify that on December 2, 2024, a true and correct copy of the foregoing was served by electronic mail on:

JAMES BOUMIL, ESQ.
Counsel for Homecare VNA, LLC
2 Elm Square
Andover, Massachusetts 01810
sjboumil@boumil-law.com


JOSHUA L. JACKSON
Assistant Attorney General
State of Connecticut
Federal Bar No. ct28008
165 Capitol Ave.
Hartford, Connecticut 06106
joshua.jackson@ct.gov


                                                            /s/ *Richard M. Molot*
                                                           RICHARD M. MOLOT
                                                           ASSISTANT U.S. ATTORNEY